IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>SAMMONS FINANCIAL GROUP, INC.,<br>MIDLAND NATIONAL LIFE INSURANCE<br>COMPANY, NORTH AMERICAN COMPANY<br>FOR LIFE AND HEALTH INSURANCE,<br><br>        Defendants.<br><br><br><br>SAMMONS FINANCIAL GROUP, INC.,<br>MIDLAND NATIONAL LIFE INSURANCE<br>COMPANY, NORTH AMERICAN COMPANY<br>FOR LIFE AND HEALTH INSURANCE,<br><br>        Counterclaimants,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY<br><br>        Counterdefendant. | Case No. 4:08-CV-288<br><br>**ANSWER TO COMPLAINT FOR<br>DECLARATORY RELIEF AND<br>COUNTERCLAIM FOR<br>DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants and Counterclaimants, Sammons Financial Group, Inc., Midland National Life Insurance Company, and North American Company for Life and Health Insurance (collectively "Sammons") hereby answer and counterclaim to Federal Insurance Company's ("Federal") Complaint for Declaratory Relief ("Complaint").  Sammons denies each and every allegation of the Complaint, except as specifically stated, and denies that Federal is entitled to the declaratory relief sought in the Complaint.

## RESPONSE TO FEDERAL'S ALLEGATIONS

### PARTIES

1.      Sammons is informed and believes and on that basis admits the allegations contained in this paragraph.

2.      Sammons denies that Sammons Financial Group, Inc.'s ("SFG") principal place of business is in Chicago, Illinois.  Sammons otherwise admits the allegations of this paragraph.

3.      Sammons admits the allegations of this paragraph.

4.      Sammons denies that North American Company for Life and Health Insurance's principal place of business is in West Des Moines, Iowa.  Sammons otherwise admits the allegations of this paragraph.

### JURISDICTION AND VENUE

5.      Sammons admits that the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.  This paragraph otherwise states a legal conclusion for which no response is necessary.

6.      This paragraph states a legal conclusion for which no response is necessary.

### FACTS

**A.      Overview**

7.      Sammons admits that Federal purports to seek a declaratory judgment that it has no duty to indemnify Sammons or advance defense costs in connection with certain underlying lawsuits, and that the Federal Excess Policy speaks for itself and is the best evidence of Federal's

1

coverage obligations.  Sammons further admits that Federal's request for declaratory relief regarding the applicability of policy exclusions has been stayed by the Court's February 4, 2009 Order on Defendants' Motion to Dismiss, Stay, or Transfer ("February 4, 2009 Order").  Sammons denies the remaining allegations of this paragraph and that Federal is entitled to the declaratory relief purportedly sought.

8.      Sammons admits that Exhibit A appears to be a true copy of the Primary Policy. Sammons admits the remaining allegations of this paragraph.

9.      Sammons admits that Exhibit B appears to be a true copy of the Federal Excess Policy.  Sammons admits the remaining allegations of this paragraph.

10.      Due to Federal's broad and ambiguous pleading, Sammons denies the allegations of this paragraph, except that Sammons admits that it has submitted for coverage to Federal the following class action lawsuits against SFG, Midland and/or North American involving allegations of improper marketing and sale of deferred annuities to senior citizens:  *In re Midland National Life Insurance Co. Annuity Sales Practices Litigation*, MDL No. 07-1825 (Central District of California); *Peterman et al. v. North American Company for Life and Health Insurance et al.*, Case No. BC 357194 (Los Angeles Superior Court); and *Yokoyama et al. v. Midland National Life Ins. Co.*, Civil No. 05-00303 (District of Hawaii) (collectively, the "Class Actions" or the "Underlying Claim").  Sammons denies the remaining allegations of this paragraph.

11.      Sammons admits that Federal sent correspondence relating to the Underlying Claim and that the correspondence speaks for itself and is the best evidence of what Federal has or has not done.  Sammons denies the remaining allegations of this paragraph.

12.      Sammons admits that there is a present and actual dispute with respect to Federal's duty to advance Defense Expenses in connection with the Underlying Claim.  Sammons denies the remaining allegations of this paragraph.

13.      This paragraph states a legal conclusion for which no response is necessary.

**B.**     **The Primary Policy issued by XL**

14.     Sammons lacks sufficient information to form a belief as to the truth of the allegations regarding XL.  Sammons admits that it purchased the underlying primary policy, Policy No. ELU087428-04 (the "Primary Policy") from Indian Harbor Insurance Company ("Indian Harbor") and that the Primary Policy speaks for itself and is the best evidence of what it says.

15.     Sammons admits that the Declarations Page of the Primary Policy speaks for itself and is the best evidence of what it says.

The Relevant Insuring Clause and Defined Terms in the **Primary Policy**

16.     Federal's characterization of the Insuring Agreement states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

17.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

18.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

19.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

20.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

21.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

22.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

23.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

The Relevant Conditions in the **Primary Policy**

24.     Federal's characterization of Section IV(A) of the Primary Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

25.     Federal's characterization of Section IV(B) of the Primary Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

26.     Sammons admits that the Declarations Page of the Primary Policy speaks for itself and is the best evidence of what it says.

27.     Sammons admits that the Declarations Page of the Primary Policy speaks for itself and is the best evidence of what it says.

28.     Federal's characterization of Section IV(C)(3) of the Primary Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

29.     Federal's characterization of Section IV(C)(4) of the Primary Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

The Relevant Exclusions in the **Primary Policy**

30.     Federal's characterization of the terms of the Primary Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

31.     Federal's characterization of Section III(J) of the Primary Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

**C.     The Federal Excess Policy**

32.     Sammons does not have sufficient information to admit or deny the allegations contained in this paragraph and, on that basis, denies.

33.     Sammons admits that the Federal Excess Policy speaks for itself and is the best evidence of the Policy Period and when the policy was issued.

34.     Sammons admits that the portion of the Federal Excess Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

35.     Sammons admits that the Federal Excess Policy speaks for itself and is the best evidence of what it says.

36.     Sammons admits that the Federal Excess Policy speaks for itself and is the best evidence of what it says.

37.     Sammons admits that the Federal Excess Policy speaks for itself and is the best evidence of what it says.

38.     Sammons admits that the Federal Excess Policy speaks for itself and is the best evidence of what it says.

39.     Sammons admits that the Federal Excess Policy speaks for itself and is the best evidence of what it says.

40.     Federal's characterization of the Insuring Clause of the Federal Excess Policy states a legal conclusion for which no response is necessary.

41.     Federal's characterization of the purported differences between the Primary Policy and the Federal Excess Policy states a legal conclusion for which no response is necessary.

DM_US:21822548_1

42.     Federal's characterization of the Federal Excess Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Federal Excess Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

43.     Federal's characterization of the Federal Excess Policy states a legal conclusion for which no response is necessary.  Sammons otherwise admits that the portion of the Federal Excess Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

44.     Sammons admits the Federal Excess Policy speaks for itself and is the best evidence of what it says.

**D.     The Matters Submitted to Federal for Coverage Under the Federal Excess Policy**

45.     Due to Federal's broad and ambiguous pleading, Sammons denies the allegations of this paragraph, except that Sammons admits that it has submitted for coverage to Federal the Class Actions, which involve allegations of improper marketing and sale of deferred annuities to senior citizens.

46.     Sammons admits that it has submitted the Class Actions to Federal for coverage, and has provided notice to Federal of various other lawsuits.  Sammons denies Federal's characterization of what constitutes the "Submitted Matters," and further denies the remaining allegations of this paragraph.

The Class Actions

47.     Sammons admits that the pleadings in the Class Actions speak for themselves and are the best evidence of what they say.

48.     Sammons admits that the MDL Action is a nationwide class action pending in the Central District of California against Midland.  Sammons admits that the plaintiffs in the MDL

action filed a Consolidated Class Action Complaint containing various allegations and that the complaint speaks for itself and is the best evidence of plaintiffs' allegations in the complaint.

49.      Sammons admits that the complaint in the MDL Actions speaks for itself and is the best evidence of what it says.

50.      Federal's characterization of the allegations of the underlying claims states a legal conclusion for which no response is necessary.  To the extent it purports to be a factual characterization of the Underlying Claims issues, Sammons denies the allegations of this paragraph.

51.      Sammons admits that the plaintiffs in the MDL Action assert various causes of action and seek various forms of relief and that the pleadings in the action speak for themselves and are the best evidence of the nature of plaintiffs' causes of action and requests for relief.

52.      Sammons admits that the Yokoyama Action was brought by a class of Hawaiian senior citizens against Midland and that the complaint in the Yokoyama Action speaks for itself and is the best evidence of plaintiffs' allegations in that case.

53.      Sammons admits that the Peterman Action was brought by a class of California senior citizens against Midland and North American.  Sammons admits that the plaintiffs in the Peterman Action filed a Second Amended Complaint containing various allegations and that the complaint speaks for itself and is the best evidence of what it says.

<u>The Individual Actions</u>

54.      Sammons admits that each of the irrelevant ten Individual Actions was brought against one or more of the Insureds and that the respective complaints in those actions speak for themselves and are the best evidence of the allegations in those actions.

55.      Sammons admits that the irrelevant Individual Actions contain various allegations and that the respective complaints speak for themselves and are the best evidence of the allegations in those actions.  Sammons denies the characterization in this paragraph of the allegations in the Individual Actions.

56.     Sammons admits the irrelevant Individual Actions contain various allegations and that the respective complaints speak for themselves and are the best evidence of the allegations in those actions.

The Minnesota AG Action

57.     Sammons admits that the irrelevant Minnesota AG Action contains various allegations and that the complaint speaks for itself and is the best evidence of the allegations in the complaint.

**E.      The Pending and Prior Matters Asserted Against the Insureds Prior to the Inception of the Federal Excess Policy on November 7, 2004**

58.     Sammons lacks sufficient information to form a belief as to the truth of the allegations regarding Federal's awareness.  Sammons admits that the actions identified in this paragraph were filed against one or more of the Insureds before November 7, 2004 and that the respective complaints in the actions speak for themselves and are the best evidence of the allegations in the complaints.  Sammons denies the remaining allegations of this paragraph.

59.     Sammons admits that the irrelevant Carle and Wakulich Cases were instituted by the same plaintiffs' counsel as the irrelevant Bouchard and McCarthy Actions.  Sammons admits that it provided Federal with routine notice of the Bouchard and McCarthy Actions, as it does with all claims.  Sammons denies the remaining allegations of this paragraph.

60.     Sammons admits that the actions identified in this paragraph contain various allegations and that the respective complaints in the actions speak for themselves and are the best evidence of the allegations in the complaints.  Sammons denies the remaining allegations of this paragraph.

61.     Sammons admits that the actions identified in this paragraph contain various allegations and that the respective complaints in the actions speak for themselves and are the best evidence of the allegations in the complaints.  Sammons admits that it provided Federal with routine notice of the MDL, Halverson and McNeil Actions, and submitted the MDL Action to Federal for

8

coverage under the Federal Excess Policy.  Sammons denies the remaining allegations of this paragraph.

**F.      Federal Issues Reservation of Rights For the Submitted Matters**

62.      Sammons admits that Federal and/or its counsel sent various letters to Sammons and/or its counsel regarding various actions and that those letters speak for themselves and are the best evidence of what they say.

63.      Sammons admits that its counsel sent correspondence, dated January 23, 2007, March 16, 2007 and May 18, 2007, to Federal and/or its counsel and that the correspondence speaks for itself and is the best evidence of what it says.

64.      Due to Federal's broad and ambiguous pleading, Sammons denies the allegations of this paragraph, except that Sammons admits that the Class Actions constitute Related Claims that should be treated as a single Claim when the earliest of such Related Claims was first made (and subject to one Retention).  Sammons denies that the other claims constitute Related Claims and further denies that the Prior and Pending terms and exclusions contained in Paragraph 7 and Endorsement No. 3 of the Federal Excess Policy apply to limit or preclude coverage for the Class Actions.

65.      Sammons admits that it submitted invoices to Indian Harbor and Federal for the Class Actions as a single Claim and that Indian Harbor paid those invoices as a single Claim.  Sammons further admits that the Class Actions and the irrelevant "Individual Actions" and "Minnesota AG Action" are not related to, or in any way involve the "PPL Cases."  Sammons denies the remaining allegations of this paragraph.

**G.      Present Dispute Relative to Settlement of Submitted Matters and Defense Expenses**

66.      Sammons admits that it has settled some of the irrelevant matters that Federal incorrectly refers to as "Submitted Matters."  Federal denies that, at this time, it has settled any of the Class Actions for which it seeks coverage from Federal.

Dispute Regarding Settlement of Submitted Matters

67.     Sammons admits that its counsel sent correspondence, dated December 5, 2007, to Federal and/or its counsel, and that the correspondence speaks for itself and is the best evidence of what it says.

68.     Sammons admits that Federal's counsel sent correspondence, dated December 10, 2007, to Sammons's counsel, and that the correspondence speaks for itself and is the best evidence of what it says.

69.     Sammons admits that on January 16, 2008, it advised Federal of a mediation scheduled in the MDL Action for January 21, 2008.  Sammons further admits that its counsel and Federal's counsel exchanged e-mail and/or written correspondence on February 6, 2008 and February 12, 2008, and that the correspondence speaks for itself and is the best evidence of what it says.

70.     Sammons admits that its counsel exchanged e-mail correspondence with Federal's counsel on June 23, 2008, and that the correspondence speaks for itself and is the best evidence of what it says.

71.     Sammons admits that Federal's counsel sent correspondence, dated June 24, 2008, to Sammons's counsel, and that the correspondence speaks for itself and is the best evidence of what it says.  Sammons further admits that it provided Federal with a copy of the Court's Opinion and Order relating to Samons's Motion for Summary Judgment in the Peterman Action, and that the Opinion and Order speaks for itself and is the best evidence of what it says.

72.     Sammons admits that on or about July 31, 2008, Sammons confirmed that Indian Harbor had paid its full policy limits under the Primary Policy.  Sammons denies the remaining allegations of this paragraph.

73.     This paragraph states a legal conclusion for which no response is necessary.

DM_US:21822548_1

Dispute Regarding Defense Expenses

74.     Sammons admits that its counsel sent correspondence, dated February 7, 2008, enclosing invoices, to Federal, and that the correspondence and invoices speak for themselves and are the best evidence of what they say.

75.     Sammons admits that Federal's counsel sent correspondence, dated April 4, 2008 and June 24, 2008, to Samons's counsel, and that the correspondence speaks for itself and is the best evidence of what it says.  The remaining allegations in this paragraph state a legal conclusion for which no response is necessary.

76.     Sammons admits that its counsel sent correspondence, dated April 14, 2008, to Federal and/or its counsel and that the correspondence speaks for itself and is the best evidence of what it says.

77.     This paragraph states a legal conclusion for which no response is necessary.

78.     This paragraph states a legal conclusion for which no response is necessary.

## COUNT I

**Declaratory Judgment That The Submitted Matters And The PPL Cases Are Related Claims For Which There Is No Coverage Under The Federal Excess Policy Because The Earliest Of The Related Claims Arose Prior To The Inception Of The Federal Excess Policy**

79.     Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

80.     Sammons admits that the portion of the Primary Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

81.     Sammons admits that the Primary Policy speaks for itself and is the best evidence of what it says.

82.     Sammons admits that the Class Actions are Related Claims and constitute matters for which there is coverage.  Sammons denies the remaining allegations of this paragraph.

83.     Sammons admits that the Class Actions are treated as a single Claim that was made when the earliest of the Class Actions was first made.  Sammons denies the remaining allegations of this paragraph.

DM_US:21822548_1

84.     Sammons admits that Indian Harbor provided insurance company professional liability coverage to SFG, Midland and NACOLAH prior to November 7, 2004, and that the Federal Excess Policy speaks for itself and is the best evidence of when Federal provided excess insurance company professional liability coverage to SFG, Midland and NACOLAH.  Sammons denies the remaining allegations of this paragraph.

85.     Sammons denies the allegations of this paragraph.

### FEDERAL'S PRAYER FOR RELIEF ON COUNT I

Sammons denies that Federal is entitled to any of the relief it seeks.

### COUNT II

**Declaratory Judgment That, Pursuant to Section 7 Of The Federal Excess Policy, There Is No Coverage For Any Submitted Matter That Involves The Same Or Substantially Similar Facts, Circumstances Or Situations Set Forth In One Or More Of The PPL Cases That Were Pending Against The Insureds As Of The November 7, 2004 Pending Or Prior Date Set Forth In The Federal Excess Policy**

86.     Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

87.     Sammons admits that the portion of the Excess Policy quoted in this paragraph is quoted accurately, except that the word "arises" is misquoted as "arising."  Sammons further admits that the Excess Policy speaks for itself and is the best evidence of what it says.

88.     Sammons denies the allegations of this paragraph.

### FEDERAL'S PRAYER FOR RELIEF ON COUNT II

Sammons denies that Federal is entitled to any of the relief it seeks.

### COUNT III

**Declaratory Judgment That, Pursuant To The Prior And Pending Litigation Exclusion, There Is No Coverage For Any Submitted Matter That Arises From Or Is Based On Substantially The Same Matters Alleged In Litigation Prior To Or Pending As Of November 7, 2004, Or For Any Wrongful Act Of The Insured Which Gave Rise To Such Prior Or Pending Litigation**

89.     Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

90.     Sammons admits that the portion of the Excess Policy quoted in this paragraph is quoted accurately and that the policy speaks for itself and is the best evidence of what it says.

91.     Sammons admits that the allegations in the Submitted Matters satisfy the definition of Wrongful Act.  Sammons denies the remaining allegations of this paragraph.

### FEDERAL'S PRAYER FOR RELIEF ON COUNT III

Sammons denies that Federal is entitled to any of the relief it seeks.

### COUNT IV

### Declaratory Judgment That There Is No Loss Under The Primary Policy Or The Federal Excess Policy

92.     Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

93.     Sammons admits that the Submitted Matters seek various forms of relief and that the pleadings in those cases speak for themselves and are the best evidence of the relief sought.

94.     Sammons admits that the Primary Policy speaks for itself and is the best evidence of what it says.  This paragraph otherwise states a legal conclusion for which no response is necessary.

95.     Sammons admits that the Primary Policy and Excess Policy speak for themselves and are the best evidence of what they say.

96.     Sammons admits that the Primary Policy and Excess Policy speak for themselves and are the best evidence of what they say.

97.     Sammons admits that the Primary Policy and Excess Policy speak for themselves and are the best evidence of what they say.  This paragraph otherwise states a legal conclusion for which no response is necessary.

98.     Sammons admits that the Primary Policy and Excess Policy speak for themselves and are the best evidence of what they say.

99.     Sammons denies the allegations of this paragraph.

100.    Sammons denies the allegations of this paragraph.

DM_US:21822548_1

## FEDERAL'S PRAYER FOR RELIEF ON COUNT IV

Sammons denies that Federal is entitled to any of the relief it seeks.

## COUNT V

### Declaratory Judgment That There Is No Duty To Indemnify
### Based Upon Fraudulent Act Exclusion

101.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

102.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Primary Policy speaks for itself and is the best evidence of what the Fraudulent Act Exclusion says.

103.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Submitted Matters contain various allegations and that the pleadings in those actions speak for themselves and are the best evidence of the allegations in those actions.  Sammons denies that the allegations fall within the Fraudulent Act Exclusion.

104.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the pleadings in the Submitted Matters speak for themselves and are the best evidence of the allegations in those actions.  Sammons denies that the exception to the Fraudulent Act Exclusion does not apply.

105.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons denies the allegations of this paragraph.

## FEDERAL'S PRAYER FOR RELIEF ON COUNT V

Sammons denies that Federal is entitled to any of the relief it seeks.

## COUNT VI

### Declaratory Judgment That There Is No Duty To Indemnify
### Based Upon Intentional Act Exclusion

106.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

107.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Primary Policy speaks for itself and is the best evidence of what the Intentional Act Exclusion says.

108.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Submitted Matters contain various allegations and that the pleadings in those actions speak for themselves and are the best evidence of the allegations in those actions.

109.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the pleadings in the Submitted Matters speak for themselves and are the best evidence of the allegations in the actions.  Sammons denies that the exception to the Intentional Act Exclusion does not apply.

110.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons denies the allegations of this paragraph.

### FEDERAL'S PRAYER FOR RELIEF ON COUNT VI

Sammons denies that Federal is entitled to any of the relief it seeks.

## COUNT VII

### Declaratory Judgment That There Is No Duty To Indemnify
### Based Upon Profit Or Advantage Exclusion

111.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

112.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Primary Policy speaks for itself and is the best evidence of what the Profit or Advantage Exclusion says.

113.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Submitted Matters contain various allegations and that the pleadings in those cases speak for themselves and are the best evidence of the allegations.

114.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the pleadings in the Submitted Matters speak for themselves and are the best evidence of the allegations in those actions.  Sammons denies that the exception to the Profit or Advantage Exclusion does not apply.

115.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons denies the allegations of this paragraph.

### FEDERAL'S PRAYER FOR RELIEF ON COUNT VII

Sammons denies that Federal is entitled to any of the relief it seeks.

## COUNT VIII

### Declaratory Judgment That There Is No Duty To Indemnify
### Based Upon the Representation of Performance or Value Exclusion

116.    No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

117.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Primary Policy speaks for itself and is the best evidence of what the Representation of Performance or Value Exclusion says.

118.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the Submitted Matters contain various allegations and that the pleadings in those actions speak for themselves and are the best evidence of the allegations in those actions**.**

119.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons admits that the pleadings in the MDL Action speak for themselves and are the best evidence of the allegations in the action.  Sammons otherwise denies the allegations of this paragraph.

120.     No response is necessary because this count has been stayed by the February 4, 2009 Order.  Nonetheless, Sammons denies the allegations of this paragraph.

## FEDERAL'S PRAYER FOR RELIEF ON COUNT X

Sammons denies that Federal is entitled to any of the relief it seeks.

## <u>COUNT IX</u>

**Declaratory Judgment That Federal Has No Duty To Advance Defense Expenses Due To The Absence Of Coverage For The Submitted Matters Under The Primary Policy And/Or The Federal Excess Policy**

121.     Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

122.     Sammons denies the allegations of this paragraph.

123.     Sammons denies the allegations of this paragraph.

## FEDERAL'S PRAYER FOR RELIEF ON COUNT IX

Sammons denies that Federal is entitled to any of the relief it seeks.

## COUNT X

**Declaratory Judgment That Federal Has No Duty Under The Federal Excess Policy To Review And/Or Advance Defense Expenses Until The XL Primary Policy Is Depleted And Sammons Executes A Satisfactory Written Guarantee To Repay Any Defense Expenses That Federal Advances In The Event That It Is Finally Determined That Federal Has No Coverage Obligation For Loss Incurred By The Insureds**

124.     Sammons realleges and incorporates by reference all of its responses to the preceding paragraphs in their entirety.

125.     Sammons admits that the Insuring Clause in the Federal Excess Policy speaks for itself and is the best evidence of what it says.

126.     Sammons admits that Section IV(C)(4) of the Primary Policy speaks for itself and is the best evidence of what it says.

127.     Sammons denies the allegations of this paragraph.

128.     Sammons admits that the Primary Policy speaks for itself and is the best evidence of what it says.

129.     Sammons admits that the Primary Policy speaks for itself and is the best evidence of what it says.

## FEDERAL'S PRAYER FOR RELIEF ON COUNT X

Sammons denies that Federal is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

130.     The Complaint and each Count fails to state a claim upon which relief can be granted against Sammons.

18

## SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

131.    Federal is barred from maintaining its Complaint and each Count as a result of its unclean hands with respect to the events upon which the Complaint and the Counts alleged in the Complaint are allegedly based.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

132.    Federal relinquished and waived any right to assert the claims against Sammons in the Complaint or deny coverage for Sammons with respect to the Underlying Claim.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

133.    Federal, by its conduct, is estopped from asserting the claims against Sammons in the Complaint and from denying coverage for Sammons with respect to the Underlying Claim.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

134.    Federal is barred by the doctrine of laches from asserting the claims against Sammons by reason of its inexcusable and unreasonable delay in failing to timely advise Sammons of its claims.

## SIXTH AFFIRMATIVE DEFENSE

(Consent)

135.    Federal is barred from maintaining its Complaint and each Count because it willfully and voluntarily consented, expressly and impliedly, after full and complete disclosure of all relevant and material facts, to any and all such acts, event or events, as to which it now complains.

## SEVENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

136.    Federal has breached its contractual duties to Sammons by, *inter alia*, refusing to pay defense costs in connection with the Underlying Claim.  Any and all injuries, losses, or damages, if any, suffered by Federal were the direct and proximate result of Federal's breach of contract. Accordingly, recovery against Sammons is barred.

## EIGHTH AFFIRMATIVE DEFENSE

(Breach of the Implied Covenant of Good Faith and Fair Dealing – Insurance Bad Faith)

137.    Implied in the policy that Federal issued to Sammons is a covenant that Federal will act in good faith and deal fairly with Sammons, that Federal will do nothing to interfere with the rights of Sammons to receive the benefits of the policy, and that Federal will give the same level of consideration to the interests of Sammons as Federal gives to its own interests.  Instead of complying with these duties, Federal has breached this covenant.  Any and all injuries, losses, or damages, if any, suffered by Federal were the direct and proximate result of Federal's breach of the implied covenant of good faith and fair dealing.  Accordingly, recovery against Sammons is barred.

## NINTH AFFIRMATIVE DEFENSE

(Satisfactory Performance)

138.    Sammons has properly performed or otherwise discharged performance of any and all obligations currently or previously owed by it under the Primary and Excess Policies.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith)

139.    At all times material herein, Sammons acted reasonably, in good faith and in reliance on the acts and transactions that are the subject of the Complaint, based upon the relevant facts and circumstances known to Sammons at the time it so acted.  Accordingly, recovery against Sammons is barred.

## ELEVENTH AFFIRMATIVE DEFENSE

(Reasonable Expectations)

140.     When it applied for the Federal policy, Sammons disclosed to Federal the nature of its business.  Thus, Federal was well aware of Sammons's needs, including its need for the type of coverage sought in connection with the Underlying Claim.  Moreover, a reasonable insured would reasonably expect Federal to provide coverage for the Underlying Claim.  Accordingly, Federal may not recover against Sammons.

## TWELFTH AFFIRMATIVE DEFENSE

(Detrimental Reliance)

141.     Sammons purchased the insurance policy at issue from Federal in reliance upon Federal's representations that the policy would provide the type of coverage sought in connection with the Underlying Claim.  At the time it purchased the policy, Sammons was unaware that Federal would purport to read the policy to not cover the Underlying Claim.  Had Sammons been aware that Federal would purport to read the policy in such a way, it would not have purchased the policy from Federal.  Accordingly, Federal is estopped from asserting its claims by reason of representations to which Sammons was led to rely to its detriment.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Set-off)

142.     Sammons is entitled to a set-off by virtue of its counterclaim against Federal.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unknown Defenses)

143.     Sammons may have additional affirmative defenses available of which it is not yet fully aware.  Sammons reserves its right to assert additional affirmative defenses after such defenses shall have been ascertained.

DM_US:21822548_1

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendants and Counterclaimants, Sammons Financial Group, Inc., Midland National Life Insurance Company, and North American Company for Life and Health Insurance (collectively, "Sammons" or "Counterclaimants") complain of Plaintiff and Counterdefendant, Federal Insurance Company ("Federal") and allege as follows:

### NATURE OF DISPUTE

1.      This counterclaim arises out of Federal's refusal to recognize and honor its coverage obligations owed to Sammons under the Excess Policy in connection with related class action lawsuits filed against Sammons seeking damages for injuries allegedly arising out of the marketing and sale of deferred annuities to senior citizens as more specifically set forth in paragraphs 28 through 33 of this Counterclaim and hereafter referred to as the "Class Actions" or the "Underlying Claim."

2.      At all times relevant to this action, Sammons was insured for such losses under the Excess Policy.

3.      Sammons seeks a judgment declaring the present and future rights, duties and liabilities of the parties under the Excess Policy with respect to the Underlying Claim.  Specifically, Sammons seeks a declaration that the terms of the Excess Policy obligate Federal to pay defense costs, charges and expenses as they are incurred in connection with the Underlying Claim.

4.      Because Federal has refused, will refuse, or otherwise has failed to defend or reimburse defense costs, charges and expenses in connection with the Underlying Claim, an actual controversy exists between the parties for which a judgment setting forth the parties' respective rights and obligations is necessary.

5.      Sammons also seeks money damages and other relief for the harm caused by Federal's failure to fulfill its obligations under the Excess Policy and, specifically, Federal's breach of its contractual obligations under the Excess Policy to pay defense costs, charges and expenses on behalf of Sammons with respect to the Underlying Claim.

DM_US:21822548_1

**THE PARTIES**

6.     Sammons Financial Group Inc. ("Sammons"), formerly named Sammons Financial Holdings, Inc., is a Delaware corporation with its principal place of business in South Dakota. Sammons is the parent company of Midland National Life Insurance Company ("Midland National") and North American Company for Life and Health Insurance ("North American").

7.     Midland National is an Iowa corporation with its principal place of business in Iowa. Midland National is a wholly owned subsidiary of Sammons.

8.     North American is an Iowa corporation with its principal place of business in Illinois. North American is a wholly owned subsidiary of Sammons.

9.     Sammons is informed and believes and based thereon alleges that Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in New Jersey. Sammons is informed and believes and based thereon alleges that Federal has transacted or presently transacts business in the State of Iowa.

**JURISDICTION AND VENUE**

10.     This Court has jurisdiction to hear and determine this counterclaim pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between Federal and Sammons and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(a) and (c).

**THE EXCESS POLICY AND OPERATIVE POLICY LANGUAGE**

12.     Federal issued Excess Policy No. 6801-7207 (the "Excess Policy") to Sammons for the policy period November 7, 2004 to November 7, 2006.  A true and correct copy of the Excess Policy is attached hereto as Exhibit A, and is hereby incorporated by reference as if fully set forth herein.

13.     Indian Harbor Insurance Company ("Indian Harbor") issued the underlying primary policy, Policy No. ELU087428-04 (the "Primary Policy"), to Sammons for the policy period November 7, 2004 to November 7, 2006.  A true and correct copy of the Primary Policy is attached hereto as Exhibit B, and is hereby incorporated by reference as if fully set forth herein.

14.     The Excess Policy defines "Insured" as "those persons or organizations insured under the Primary Policy."  Sammons is the Named Insured in the Primary Policy.  However, "Insured" also includes any "Subsidiary," which is defined as "any entity…in which [Sammons] owns or controls, directly or through one or more Subsidiaries, more than fifty percent (50%) of the outstanding securities representing the right to vote for the election of its directors."

15.     Sammons owns more than 50% of the outstanding Midland National and North American securities representing the right to vote for the election of its directors.  Therefore, Midland National and North American are insureds under the Primary Policy and the Excess Policy.

16.     Sammons (including Midland National and North American) is entitled to benefits as an insured under the Excess Policy and Federal owes obligations to Sammons under the Excess Policy.

17.     The Insuring Agreement in the Excess Policy provides, "Coverage hereunder shall…apply in conformance with the terms and conditions of the Primary Policy as amended by any more restrictive terms and conditions of any other policy designated in Item 4(B) of the Declarations, except as otherwise provided herein."  The Primary Policy is the only policy designated in Item 4(B) of the Declarations.  Therefore, Federal's coverage obligations follow form to the Primary Policy.

18.     The Excess Policy, through incorporation of the Primary Policy (hereinafter, collectively the "Policies"), provides that Federal will "pay on behalf of the Insured Loss from Claims first made against the Insured during the Policy Period…for Wrongful Acts first committed on or after the Retroactive Date."

19.     The Policies define "Loss" as "damages, judgments, awards, settlements, and the Defense Expenses which an Insured is legally obligated to pay as a result of a Claim."

20.     The Policies define "Defense Expenses" as "legal fees and expenses incurred by or on behalf of any Insured in the defense or appeal of any Claim…."

21.     The Policies define "Claim" as "any civil proceeding in a court of law or equity…."

DM_US:21822548_1

22. The Policies define "Wrongful Acts" as: "any actual or alleged act, error, omission, misstatement, misleading statement, or breach of fiduciary or other duty committed by an Insured in rendering, or in failing to render, Professional Services" or "any actual or alleged act, error or omission of an Independent Insurance Agent for which the Insurance Company is alleged to be liable…in connection with the Independent Insurance Agent's rendering of, or failure to render, Professional Services for or on behalf of the Insurance Company."

23. The Policies define Professional Services to include "publication of any materials prepared or written by any Insured" and "the Insurance Company's qualification, selection, oversight, and/or direction of Independent Insurance Agents."

24. The Policy Period is November 7, 2004 through November 7, 2006, and the Retroactive Date is January 1, 1996.

25. Based on the Insuring Agreement, discussed above, Federal is obligated to pay damages, judgments, awards, settlements, and legal fees and expenses incurred by Sammons in connection with any civil proceeding initiated between November 7, 2004 and November 7, 2006, for actual or alleged acts, errors or omissions committed after January 1, 1996, in connection with the rendering of or failure to render professional services, including publication of materials and selection, oversight and/or direction of independent insurance agents.

26. Under the Excess Policy, Federal's coverage obligations attach when the Limit of Liability in the Primary Policy, plus the applicable uninsured retention under the Primary Policy (hereinafter, collectively the "Underlying Limit"), are paid in full.

27. Sammons has paid in full the applicable $5,000,000 retention, and Indian Harbor has paid in full its $10,000,000 limit of liability under the Primary Policy. Accordingly, coverage has attached under the Excess Policy, which has a $10,000,000 Limit of Liability.

**THE UNDERLYING CLAIM**

28. The Underlying Claim consists of the following related class action lawsuits: *In re Midland National Life Insurance Co. Annuity Sales Practices Litigation*, MDL No. 07-1825 (Central District of California); *Peterman et al. v. North American Company for Life and Health Insurance et*

25

*al.*, Case No. BC 357194 (Los Angeles Superior Court); and *Yokoyama et al. v. Midland National Life Ins. Co.*, Civil No. 05-00303 (District of Hawaii). None of these lawsuits are related to, or in any way involve, any litigation or other matter occurring prior to the Policy Period of the Excess Policy.

29.     *In re Midland National* is a multi district litigation proceeding, which arose out of two cases: *Migliaccio et al. v. Midland National Life Insurance*, Case No. CV06-1007 (Central District of California) and *Bendzak et al. v. Midland National Life Insurance*, Case No. 4:05-cv-00649-RP-TJS (Southern District of Iowa). True and correct copies of the *Migliaccio* and *Bendzak* complaints are attached hereto as Exhibits C and D respectively, and are hereby incorporated by reference as if fully set forth herein.

30.     *Migliaccio* was initially filed in state court in California on January 19, 2005. Thereafter, a federal action was filed in the Southern District of California, which was transferred to the Central District of California. The California state court cause of action was subsequently dismissed. *Bendzak* was filed on December 8, 2005. In December 2006, the *Bendzak* plaintiffs moved to have *Bendzak* and *Migliaccio* centralized and coordinated for pretrial proceedings. On May 2, 2007, the Judicial Panel on Multidistrict Litigation transferred *Bendzak* to the Central District of California and ordered that the two cases be centralized and coordinated for pretrial proceedings.

31.     On June 4, 2007, the *Migliaccio* and *Bendzak* plaintiffs filed a single consolidated class action complaint in *In re Midland National.* A true and correct copy of the *In re Midland National* consolidated class action complaint is attached hereto as Exhibit E, and is hereby incorporated by reference as if fully set forth herein. Similar to the original *Migliaccio* and *Bendzak* complaints, the consolidated class action complaint alleges improper marketing and sale of deferred annuities to senior citizens.

32.     *Peterman v. North American Company for Life and Health Insurance* was filed on August 17, 2006 in the Superior Court of Los Angeles. A true and correct copy of the *Peterman* complaint is attached hereto as Exhibit F, and is hereby incorporated by reference as if fully set forth

herein.  Similar to *In re Midland*, *Peterman* alleges improper marketing and sale of deferred annuities to senior citizens.

33.     *Yokoyama et al. v. Midland National Life Ins. Co.* was filed in the District of Hawaii and was served on May 3, 2005.  A true and correct copy of the *Yokoyama* complaint is attached hereto as Exhibit G, and is hereby incorporated by reference as if fully set forth herein.  *Yokoyama* is the only non-California lawsuit forming the Underlying Claim.  *Yokoyama* also alleges improper marketing and sale of deferred annuities to senior citizens.

**SAMMONS'S TENDER OF THE UNDERLYING CLAIM TO FEDERAL AND FEDERAL'S REFUSAL TO PAY**

34.     Sammons timely notified Federal of *Miggliacio*, *Yokoyama*, *Bendzak*, and *Peterman* in or about January 2005, June 2005, December 2005 and August 2006 respectively.

35.     Sammons has repeatedly requested that Federal fulfill its contractual obligations pursuant to the Excess Policy with respect to each of these actions, including reimbursing it for all sums that it has incurred, or may incur, in the defense of the Underlying Claim in excess of the Underlying Limit.  Moreover, Sammons has provided information and invoices to Federal in an effort to expedite payment of defense costs and expenses in excess of the Underlying Limit.

36.     Specifically, in February 2008, Sammons provided Federal with invoices totaling over $16,000,000 and requested Federal to immediately reimburse the amounts exceeding the Underlying Limit of $15,000,000.  Although Sammons has paid the applicable retention and Indian Harbor has paid the full applicable Limits of Liability in the Primary Policy – thereby triggering coverage under the Excess Policy – Federal has failed and refuses to reimburse Sammons for over $1,000,000 in unreimbursed defense costs that Sammons has tendered to Federal.

**GENERAL ALLEGATIONS**

37.     Sammons purchased the Excess Policy from Federal for valuable consideration and for the purpose of protecting itself from alleged, potential, and/or actual liability incurred as a result of its professional services.

38.     Sammons has complied with all terms and conditions precedent contained in the Excess Policy, including payment of premiums, notice, and exhaustion of the Underlying Limit.  All actions taken by Sammons with respect to the Underlying Claim have been reasonable, and none have prejudiced Federal's ability to fulfill its contractual obligations

39.     The Underlying Claim alleges improper marketing and sale of deferred annuities to senior citizens.  The Excess Policy provides Sammons with insurance coverage against liability it incurs because of such allegations and further imposes upon Federal a duty to pay defense costs, charges and expenses in any action alleging such liability.

40.     Federal is obligated to pay Sammons's defense costs, charges and expenses as they are incurred.  Because Federal is obligated to pay Sammons's defense costs, charges and expenses as they are incurred, its duty to pay such costs is not dependent on the ultimate success or failure of the lawsuits forming the Underlying Claim.  Rather, Federal's duty applies to the Underlying Claim if the complaints allege claims that may be covered under the Excess Policy, which they do.

41.     In response to the Underlying Claim, Sammons has been, and will be, required to spend substantial sums to investigate and defend against the Claim.

42.     Pursuant to the Excess Policy, and subject to the applicable Underlying Limit, Federal agreed to pay all costs, including attorneys' fees and supplemental expenses, incurred by Sammons in the investigation and defense of the Underlying Claim.

43.     Federal's duty to reimburse defense costs has been triggered by the Underlying Claim and the full payment of the Underlying Limit, and it has a present duty to reimburse defense costs incurred by Sammons in conjunction with the Underlying Claim.

44.     Sammons is informed and believes that Federal disputes, or will dispute, that it has not honored or performed its obligations to pay defense costs, charges and expenses.

## COUNT I

**Declaratory Judgment That Federal Has an Immediate and Continuing Duty to Pay Sammons's Defense Costs in Connection with the Underlying Claim**

45.     Sammons hereby incorporates by reference the allegations of paragraphs 1 through 44 inclusive, as though fully set forth herein.

46.     Sammons has tendered and, without waiving prior tenders, hereby further tenders the Underlying Claim to Federal for reimbursement of defense costs.  Federal has not honored its obligations under the Excess Policy, and Sammons is informed and believes and based thereon alleges that Federal disputes its obligations under the Excess Policy.

47.     Federal has not honored its duty to pay defense costs in connection with the Underlying Claim.

48.     An actual controversy of a justiciable nature now exists as to Federal's obligations under the Excess Policy in connection with the Underlying Claim.  The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment consistent with the above-alleged contentions of Sammons declaring in sum and substance that Federal has an immediate and continuing duty to pay Sammons's defense costs in connection with the Underlying Claim as they are incurred.

## **PRAYER**

**WHEREFORE,** Sammons prays for judgment as follows:

1.     That judgment be entered in favor of Sammons and against Federal on Federal's Complaint and Sammons's Counterclaim;

2.     That Federal takes nothing by its Complaint;

3.     That Federal's Complaint be dismissed with prejudice;

4.     On Sammons's First Cause of Action for Declaratory Relief, that the Court determine and declare that Federal is obligated to pay, without reservation, defense costs, charges and expenses as they are incurred;

5.     That Sammons recover all attorneys' fees, costs, and expenses incurred in connection with this action; and

6.     That the Court grant Sammons such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Sammons demands trial by jury on all issues that may be tried by jury.


Dated:     February 18, 2009

                                                      /s/ Tyrone R. Childress
Tyrone R. Childress
Amy J. Fink
Tara Kowalski
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA  90071
(213) 892-1800 (main telephone)
(213) 892-2300 (main facsimile)
childresst@howrey.com
Admitted *Pro Hac Vice*

Wade R. Hauser, III
Ahlers & Cooney P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
(515) 246-0331 (telephone)
(515) 243-2149 (facsimile)
whauser@Ahlerslaw.com

Attorneys for Defendants
Sammons Financial Group, Midland National
Life Insurance Company, North American
Company  For Life And Health Insurance

| Electronically filed and served on Plaintiff's Counsel via CM-ECF.<br><br>Jeff H. Jeffries<br>Hopkins and Huebner, P.C.<br>2700 Grand Avenue<br>Suite 111, Terrace Center<br>Des Moines, IA  50312<br>Email:  jjeffries@hopkinsandhuebner.com<br><br>Stanley J. Lehman<br>Karen Y. Bonvalot<br>Sherrard, German & Kelly, P.C.<br>Two PNC Plaza, 28th Floor<br>620 Liberty Avenue<br>Pittsburgh, PA  15222<br>Email:  sjl@sgkpc.com<br>        kyb@sgkpc.com | **CERTIFICATE OF SERVICE**<br><br>**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on this date:**<br>    **February 18**  , **2009.**<br>By:    ☐ U.S. Mail        ☐ Fax<br><br>       ☐ Hand Delivery    ☐ Private Carrier<br><br>       ☒ Electronically through CM-ECF<br><br>       ☐ Other: _____<br><br>Signature:  _____ /s/ Tyrone R. Childress _____ |